**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

EDITH RENFROE,

    Plaintiff,

v.                                                       Case No. 3:20-cv-191-J-34JBT

NATIONSTAR MORTGAGE, LLC,

    Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiff Edith Renfroe's request for preliminary injunction staying the March 12, 2020, foreclosure sale of her home. See Verified Complaint and Request for Preliminary Injunctive Relief and Stay Foreclosure Sale (Doc. 1; Complaint), filed on February 27, 2020. Renfroe's claims in the Complaint are based upon her dissatisfaction with the outcome of the state court foreclosure proceedings to which she has been a party. See generally Complaint. See also Nationstar Mortgage, LLC v. Edith Renfroe, Case No. 2014-CA-6052 (Fla. 4th Cir. Ct. 2017) (State Action). Although the Complaint is not a model of clarity, it appears Renfroe is arguing that Nationstar obtained the foreclosure judgment in the State Action in violation of the Real Estate Settlement Procedures Act (RESPA), 15 U.S.C. § 1692 et seq., and the Federal Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1641 et seq., by inter alia failing to send Renfroe a notice of acceleration before seeking to foreclose her mortgage. Renfroe argues that these alleged violations entitle her to an injunction staying the foreclosure sale. See Complaint at 7, 26. Notably, this Court's review of the state court docket reflects that the state court entered a final judgment of foreclosure in favor of Nationstar on February

13, 2017, and Florida's First District Court of Appeal affirmed the final judgment of foreclosure on April 27, 2018.[1] See State Action. Although the foreclosure sale was previously delayed, on February 18, 2020, the state court entered an order setting the sale for March 12, 2020.[2] See id. Additionally, in an order dated February 20, 2020, the state court denied Renfroe's motion to set aside the foreclosure sale. Id.

In support of her request for preliminary injunction, Renfroe asserts, in conclusory fashion, that she has a substantial likelihood of success on the merits because "Nationstar violated Acts of Congress (RESPA and FDCPA, [sic] and violated Plaintiff Renfroe's Rights under the 14th Amendment." See Complaint at 10. Renfroe states that she "would suffer irreparable harm" without an injunction. Id. at 9. In arguing that she has no adequate remedy at law, Renfroe merely cites to the transcripts from the state court's hearing on her motion to set aside the foreclosure sale. See id. See also id., Exhibit C: December 4, 2019, Hearing Transcripts (Doc. 1-3). Finally, Renfroe asserts that the requested injunction is in the public interest because "[t]o take away somebody's family home is the equivalent

---

[1] Rule 201(b) of the Federal Rules of Evidence allows a court to take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). Notably, courts may take judicial notice of documents from another proceeding because they are matters of public record and "capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned." Horne v. Potter, 392 F. App'x. 800, 802 (11th Cir. 2010). However, a "court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (internal quotation omitted). As such, "a court may take judicial notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation." Jones, 29 F.3d at 1553. In taking judicial notice of the state court docket and documents filed therein, the Court will not take notice of the facts contained within those documents. See id.; see also Kruse, Inc. v. Aqua Sun Invs., Inc., Case No. 6:07-cv-1367-Orl-19UAM, 2008 WL 276030, at *3 n.2 (M.D. Fla. Jan. 31, 2008) ("Pursuant to Federal Rule of Evidence 201, the Court is taking judicial notice of the state case and its docket entries, . . . but not of the facts contained in those documents.").

[2] The Court has previously denied a request by Renfroe to stay the State Action. See Renfroe v. Nationstar, Case No. 3:19-cv-52-J-34JBT (M.D. Fla. June 3, 2019) (Doc. 7).

2

of a death penalty, except it is a civil action." Id. at 10. She further states that a "Notice of Acceleration has to be sent to every homeowner involved in a federally-related mortgage contract and thus is of great public interest." Id. Upon review, the Court determines that Renfroe's request for injunctive relief is due to be denied for several reasons.

Rule 65, Federal Rules of Civil Procedure (Rule(s)), as well as Local Rules 4.05 and 4.06, United States District Court, Middle District of Florida (Local Rule(s)), govern the entry of temporary restraining orders and preliminary injunctions. Preliminarily, the Court notes that Rule 65(a)(1) provides that a "court may issue a preliminary injunction only on notice to the adverse party," and Local Rule 4.06 requires at least 14 days advance notice before any hearing on a request for preliminary injunctive relief. See Rule 65(a)(1); Local Rule 4.06(a). Because Renfroe does not appear to have given notice to Nationstar and seeks to stay a foreclosure sale set exactly 14 days from the filing of her Complaint, the Court will construe her request as one seeking a temporary restraining order rather than a preliminary injunction. Renfroe fails to comply with Rule 65 to the extent she seeks a temporary restraining order.

With regard to the issuance of a temporary restraining order, Rule 65(b)(1) provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damages will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Likewise, Local Rule 4.05(b)(2) requires that a motion seeking a temporary restraining order be accompanied by affidavits or a verified complaint establishing the threat of irreparable injury as well as showing "that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible."[3] In addition, Local Rule 4.05(b)(3) directs that the "motion should also . . . describe precisely the conduct sought to be enjoined." Moreover, Local Rule 4.05(b)(4) provides that the legal memorandum in support of the motion must address four specific factors, including the likelihood of success, the threatened irreparable injury, potential harm to the opposing parties, and the public interest.

Upon review of the record, the Court finds that Renfroe's request for injunctive relief is due to be denied as procedurally defective because it fails to comply with Rule 65 and the Local Rules. Significantly, Renfroe only briefly addresses, in conclusory fashion, her likelihood of success on the merits, the potential harm to Nationstar, and the public interest. Moreover, although she relies on RESPA and the FDCPA, she fails to cite any legal authority to show that violations of those statutes support her request for injunctive relief. See Local Rule 4.05(b)(4). In addition, Renfroe does not include "facts on which the Court can make a reasoned determination as to the amount of security which must be posted pursuant to Rule 65(c)." See Local Rule 4.05(b)(3)(ii). Moreover, despite calling her Complaint "verified," Renfroe does not represent that it has been submitted under penalty of perjury; nor does the Complaint include an accompanying affidavit. See Local Rule 4.05(b)(2); 28 U.S.C. § 1746 (allowing for unsworn verifications if the individual declares

---

[3] Notably, Local Rule 4.06 provides that a party seeking a preliminary injunction must "fully comply with the procedural requirements of [Local] Rule 4.05(b)(1) through (b)(5) . . . ." Thus, regardless of whether Renfroe seeks a temporary restraining order or preliminary injunction she must satisfy these same requirements.

4

that the statements at issue are true and correct under penalty of perjury). To the contrary, Renfroe merely certifies that the Complaint complies with Rule 11. See Complaint at 21.

More importantly, the Court finds that Renfroe has failed to establish a substantial likelihood that she will succeed on the merits of her claims in this action. In her prayer for relief, Renfroe asks only that the Court enjoin the foreclosure sale in the State Action. See id. at 26. However, this Court's authority to stay a pending state court proceeding is restricted by the federal Anti-Injunction Act, 28 U.S.C. § 2283, which provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." Id. Regarding the first exception, an injunction is "expressly authorized by an Act of Congress" if the Act "creat[es] a specific and uniquely federal right or remedy, enforceable in a federal court of equity, that could be frustrated if the federal court were not empowered to enjoin a state court proceeding." Mitchum v. Foster, 407 U.S. 225, 237 (1972). Here, the Eleventh Circuit has held that "equitable relief is not available to an individual under the civil liability section of the [FDCPA]." See Sibley v. Fulton DeKalb Coll. Serv., 677 F.2d 830, 834 (11th Cir. 1982). Similarly, "federal courts have routinely held that RESPA does not provide for any injunctive relief whatsoever." Rodriguez v. Ocwen Fin. Corp., Case No. 17-cv-60574, 2017 WL 3593972, at *7 (S.D. Fla. Aug. 21, 2017) (collecting cases). Thus, neither statute creates "a specific and uniquely federal" equitable remedy "that could be frustrated if the federal court were not empowered to enjoin a state court proceeding." Mitchum, 407 U.S. at 237. The remaining two exceptions to the Anti-Injunction Act are also inapplicable. Thus, the relief sought by Renfroe is precluded by the Anti-Injunction Act. See Sarhan v. H & H Inv'rs, Inc., --- F.

App'x ---, Case No. 19-12676, 2020 WL 104353, at *2 n.2 (11th Cir. Jan. 9, 2020) (noting that requests to enjoin state court foreclosure proceedings "would violate the Anti-Injunction Act")[4]; Morris v. Wells Fargo Bank, N.A., Case No. 6:15-cv-962-ORL-37TB, 2015 WL 4231656, at *3 (M.D. Fla. July 10, 2015); Myrtyl v. Nationstar Mortg. LLC, Case No. 15-cv-61206, 2015 WL 4077376, at *4 (S.D. Fla. July 6, 2015); Lawrence v. JP Morgan Chase Bank, Case No. 10-cv-81631, 2011 WL 2039097 (S.D. Fla. May 25, 2011).

Because Renfroe both failed to satisfy the procedural requirements for seeking injunctive relief and failed to show that she has a likelihood of success on the merits of her claim, her request for injunctive relief, whether it be for a temporary restraining order or preliminary injunction, is due to be denied.

Accordingly, it is

**ORDERED**:

Renfroe's request for an injunction staying the foreclosure sale in the State Action is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, on March 4, 2020.

MARCIA MORALES HOWARD
United States District Judge

lc23

Copies to:
Pro Se Plaintiff
Counsel of Record

---

[4] Without addressing the ultimate merit, the Court observes that Renfroe might be well advised to carefully review the Sarhan decision and its unfortunate outcome for the parties seeking to stop a foreclosure sale by filing serial cases in federal court.