**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

EDITH RENFROE,

    Plaintiff,

vs.                                            Case No. 3:20-cv-191-J-34JBT

NATIONSTAR MORTGAGE, LLC,

    Defendant.
_____

**O R D E R**

**THIS CAUSE** is before the Court on Plaintiff Edith Renfroe's motion for reconsideration.  See Plaintiff's Motion for Reconsideration of Order on Preliminary Injunction Based on per Fed. R. C. P. 65 and Local R. 4.05 and 4.06 (Doc. 7; Motion for Reconsideration), filed on March 16, 2020.  In the Motion for Reconsideration, Plaintiff asks the Court to reconsider the ruling in the Order entered on March 4, 2020, in which the Court denied Plaintiff's request for preliminary injunctive relief staying a foreclosure action in state court.  See Order (Doc. 3).[1]  Defendant Nationstar Mortgage, LLC, (Nationstar) filed a response to the Motion for Reconsideration on March 31, 2020.  See Defendant's Motion to Accept Opposition Out of Time and Opposition to Defendant's Motion for Reconsideration [Doc 7] (Doc. 13; Response).[2]  Upon review, the Court finds that the Motion for Reconsideration is due to be denied.

---

[1] Plaintiff included her request for injunctive relief in her complaint.  See Verified Complaint and Request for Preliminary Injunctive Relief and Stay Foreclosure Sale (Doc. 1; Complaint), filed on February 27, 2020.
[2] Defendant's Response was untimely by one day, however, the Court granted Defendant's motion to accept the document as timely filed.  See Endorsed Order (Doc. 14), entered on April 1, 2020.

- 1 -

A motion to alter or amend a judgment may be filed pursuant to Rule 59(e), Federal Rules of Civil Procedure (Rule(s)). Rule 59(e) affords the Court discretion to reconsider an order which it has entered. See Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000); O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992). "The only grounds for granting a Rule 59 motion are newly[ ] discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted). This Court has interpreted those parameters to include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla., 189 F.R.D. 480, 489 (M.D. Fla. 1999). The purpose of Rule 59 is not to ask the Court to reexamine an unfavorable ruling in the absence of a manifest error of law or fact. Jacobs v. Tempur-Pedic Int'l., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010). As such, Rule 59(e) cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005); see also O'Neal, 958 F.2d at 1047.

In her Motion for Reconsideration, Renfroe generally expresses disagreement with the Court's ruling and continues to assert arguments that the Court rejected in the Order.[3] Like Renfroe's Complaint, the Motion for Reconsideration is not a model for clarity. However, in the section of the Motion for Reconsideration labelled "Evidence to Warrant Reconsideration," Plaintiff appears to argue that she has complied with the procedural

---

[3] For instance, in the Motion for Reconsideration, Plaintiff asserts in conclusory fashion that in her Complaint she "adequately addressed" several requisite elements to support issuance of an injunction, including Renfroe's likelihood of success on the merits. See Motion for Reconsideration at 4. However, as detailed in the Order, Plaintiff has failed to show, inter alia, that she has a likelihood of success on the merits. See generally Order.

requirements of Rule 65, Federal Rules of Civil Procedure, and Local Rules 4.05 and 4.06, United States District Court, Middle District of Florida (Local Rule(s)), which govern the entry of temporary restraining orders and preliminary injunctions. See Motion for Reconsideration at 2.

First, Renfroe produces a timeline of events related to service of process on Nationstar—apparently seeking to establish that she had satisfied the "notice" requirements of the applicable procedural rules.[4] See id. However, the circumstances of Renfroe's service of process on Nationstar are immaterial to the Court's reasoning in the Order. Indeed, regardless of whether the Court construed Renfroe's Complaint as seeking a preliminary injunction or a temporary restraining order, the applicable law required Renfroe to demonstrate, inter alia, a substantial likelihood of success on the merits. See, e.g., Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (noting that district courts may only grant injunctive relief if the moving party shows, inter alia, that: it has a substantial likelihood of success on the merits); Rule 65; Local Rules 4.05(b)(4), 4.06. As explained in the Order, Renfroe did not do so and still has not done so. See generally Order.

Next, Renfroe seemingly asserts that she has "precisely described the conduct sought to be enjoined," which is a prerequisite for the issuance of injunctive relief under Local Rule 4.05(b)(3). See Motion for Reconsideration at 3. However, even if Renfroe's description of the conduct sought to be enjoined could be construed as precise, the Order details a litany of other procedural deficiencies that independently rendered the issuance of injunctive relief wholly improper. See generally Order. Indeed, in the Order, the Court

---

[4] In support of this timeline, Renfroe attaches several documents to her Motion for Reconsideration. See Docs. 7-1, 7-2, 7-3.

specifically identified Renfroe's failure to establish a likelihood of success on the merits, her failure to address the potential harm to Nationstar, and her failure to address how the injunction would affect the public interest as examples of particularly significant shortcomings in Renfroe's Complaint.  See Order at 4.

Notably, in the Motion for Reconsideration, Renfroe merely reproduces citations to caselaw that she initially included in her Complaint, none of which address the Court's previously expressed concern that "although she relies on RESPA and the FDCPA she fails to cite any legal authority to show that violations of those statutes support her request for injunctive relief."  Order at 4.

In sum, Renfroe has failed to set forth any basis warranting reconsideration of the Court's March 4, 2020 Order.  Renfroe has not identified an intervening change in controlling law, set forth new evidence, or established a need to correct clear error or manifest injustice.  Lamar Advertising of Mobile, Inc., 189 F.R.D. at 489.  As such, Renfroe's Motion for Reconsideration is due to be denied.

Accordingly, it is **ORDERED:**

Plaintiff's Motion for Reconsideration of Order on Preliminary Injunction Based on per Fed. R. C. P. 65 and Local R. 4.05 and 4.06 (Doc. 7) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida on September 2, 2020.

*MARCIA MORALES HOWARD*
United States District Judge

lc27
Copies to:

Pro Se Parties
Counsel of Record