**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

EDITH RENFROE,

    Plaintiff,

vs.                                                                                          Case No. 3:20-cv-191-J-34JBT

NATIONSTAR MORTGAGE, LLC,

    Defendant.

_____

**O R D E R**

**THIS CAUSE** is before the Court on Defendant Nationstar Mortgage, LLC's (Nationstar) motion to dismiss. See Nationstar's Motion to Dismiss Complaint and Memorandum of Law (Doc. 6; Motion), filed on March 16, 2020. In the Motion, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure (Rule(s)), Nationstar seeks dismissal of Plaintiff Edith Renfroe's Verified Complaint and Request for Preliminary Injunctive Relief and Stay Foreclosure Sale (Doc. 1; Complaint). Renfroe filed a response to the Motion on April 28, 2020. See Response and Objections to Defendant's Motion to Dismiss Complaint (Doc. 16; Response). Therefore, the matter is ripe for review.

Renfroe, proceeding pro se, initiated this action on February 27, 2020, by filing the Complaint, in which she sought a preliminary injunction staying the March 12, 2020 foreclosure sale of her home.[1] See generally Complaint. Upon review of the Complaint,

---

[1] In Nationstar Mortgage, LLC v. Edith Renfroe, Case No. 2014-CA-6052 (Fla. 4th Cir. Ct. 2017) (State Action), the Fourth Judicial Circuit Court in and for Duval County, Florida, entered a final judgment of foreclosure in favor of Nationstar on February 13, 2017, and Florida's First District Court of Appeal affirmed the final judgment of foreclosure on April 27, 2018. See State Action. Although the foreclosure sale was previously delayed, on February 18, 2020, the state court entered an order setting the sale for March 12, 2020. See id. However, on March 9, 2020, the state court entered an order cancelling the March 12, 2020 foreclosure sale, as Renfroe filed a voluntary petition for bankruptcy under Chapter 13 of the United States Bankruptcy Code. See id.; see also No. 3:20-bk-00853-JAF (Bankr. M.D. Fla. Dec. 9, 2020). Notably, this

the Court determined that Renfroe's request for a preliminary injunction failed to satisfy the Rules and Local Rules, United States District Court, Middle District of Florida (Local Rule(s)) governing the entry of temporary restraining orders and preliminary injunctions. See generally Order (Doc. 3), entered on March 4, 2020.  The Court further determined that Renfroe failed to show that she has a likelihood of success on the merits of her claim. See id.  Accordingly, the Court denied Renfroe's request for injunctive relief.  See id. at 6. Renfroe subsequently filed a motion for reconsideration, requesting that the Court reconsider its March 4, 2020 Order.  See Plaintiff Edith Renfroe's Motion for Reconsideration of Order on Preliminary Injunction Based on per Fed. R. C. P. 65 and Local R. 4.05 and 4.06 (Doc. 7; Motion for Reconsideration).  That same day, Nationstar filed the instant Motion.  On September 2, 2020, the Court entered an order denying Renfroe's Motion for Reconsideration.  See Order (Doc. 17).

**I.  Standard of Review**

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508, n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002).  In addition, all reasonable inferences should be drawn in favor of the plaintiff.  See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010).  Nonetheless, the plaintiff must still meet some minimal pleading requirements.  Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262–63 (11th Cir. 2004) (citations omitted).  Indeed, while "[s]pecific facts are not necessary," the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it

---

Court has previously denied a request by Renfroe to stay the State Action.  See Renfroe v. Nationstar Mortg., LLC, No. 3:19-cv-521-J-34JBT (M.D. Fla. June 3, 2019) (Doc. 7).

- 2 -

rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (citations and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 679. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 570).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. Moreover, when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Id. And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys

- 3 -

and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837, 839 (11th Cir. 2011)[2] (quoting GJR Invs., Inc. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 706); see also Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014).

## II. Discussion

In the Motion, Nationstar seeks dismissal of Renfroe's Complaint under Rule 12(b)(6) on several grounds. See Motion at 1. Specifically, Nationstar argues that the Complaint is an impermissible shotgun pleading, that the Complaint fails to state a claim based on the "notice of default" letter, that the Complaint fails to state a claim under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 et. seq. (RESPA), and that the Complaint fails to state a claim under the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et. seq. (FDCPA). See Motion at 5, 6.

Like Renfroe's Complaint and Motion for Reconsideration, Renfroe's Response is far from being a model for clarity.[3] Nonetheless, Renfroe generally maintains that the Complaint is not a shotgun pleading, that the Complaint should not be dismissed, and that the foreclosure sale should be enjoined. See generally Response. Notwithstanding

---

[2] "Although an unpublished opinion is not binding. . ., it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[3] In the Court's September 2, 2020 Order, the Court noted that neither Renfroe's Complaint nor her Motion for Reconsideration were models for clarity. See Order (Doc. 17) at 2.

- 4 -

Renfroe's conclusory arguments to the contrary, upon review of the Complaint, the Court concludes that it constitutes an impermissible shotgun pleading warranting repleader.

Although pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "'conform to procedural rules.'" Riley v. Fairbanks Capital Corp., 222 F. App'x 897, 898 (11th Cir. 2007 (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)). Indeed, despite the "liberal construction to which [such] pleadings are entitled," Weil v. Phillips, 816 F. App'x 339, 341 (11th Cir. 2020) (citation omitted), the "leeway" shown by a court "is not limitless." Id. Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "'A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.'" Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted). Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted). In addition, Rule 10 requires a plaintiff to state her claim "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." See Rule 10(b). In addition, "[i]f doing so would promote clarity," Rule 10 requires that "each claim founded on a separate transaction or occurrence—. . .must be stated in a separate count. . ." See Rule 10(b). Rules 8 and 10 work together

> to require the pleader to present his claims discretely and succinctly, so that [her] adversary can discern what [she] is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted,

>and, at trial, the court can determine that evidence which is relevant and which is not.

Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).  In the Eleventh Circuit, complaints that violate either of these rules, or both, are often called "shotgun pleadings."  See Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321 (2015).  In Weiland, 792 F.3d 1313, the Eleventh Circuit identified four types of "shotgun" pleadings.  See id. at 1321-23.  "Shotgun pleadings include complaints that: (1) 'contain multiple counts where each count adopts the allegations of all preceding counts'; (2) do not re-allege all the proceeding counts but are 'replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action'; (3) do not separate each cause of action or claim for relief into separate counts; or (4) in a multi-defendant action, contain counts that present a claim for relief without specifying which defendants the claim is brought against."  Sarhan v. Miami Dade Coll., 800 F. App'x 769, 771–72 (11th Cir. 2020) (citing Weiland, 792 F.3d at 1321–23).  Notably, "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  Weiland, 792 F.3d at 1323 (citation omitted).

Here, among several improprieties in the Complaint, Renfroe fails to state her claims in numbered paragraphs, each limited to a single set of circumstances.  See, e.g., Complaint at 6.[4]  Additionally, Renfroe has not stated each claim in a separate count, nor

---

[4] Although Renfroe numbers the pages of her Complaint, for clarity the Court will refer to the CM/ECF-stamped page number located at the top of each page of the Complaint.

- 6 -

has she sufficiently specified which factual allegations support each claim.[5]  Indeed, as a whole, her Complaint is more akin to a motion than a traditional complaint.  For example, nearly half of the Complaint consists of citations to caselaw and rambling arguments in lieu of numbered paragraphs setting out a short and plain statement of supporting facts showing Renfroe is entitled to relief on her claims.  See generally Complaint; see also Rule 8(a)(2).  Thus, while the Complaint is not a textbook "shotgun pleading," Renfroe's failure to state with sufficient particularity her claims and the grounds upon which each rests is equally problematic.  In this regard, the Complaint's haphazard organizational structure, aimless allegations, and chaotic case citations render it insufficient to put Nationstar or the Court on notice of the claims intended to be asserted.  Weiland, 792 F.3d at 1323.  Indeed, while the Court is able to discern that the overall gravamen of the Complaint is the allegation that Nationstar obtained the foreclosure judgment in the State Action in violation of RESPA and FDCPA, several glaring issues remain.  For instance, it is unclear whether Renfroe additionally seeks to assert a claim that Nationstar violated 42 U.S.C. § 1983.  In this respect, Renfroe contends that Nationstar "violated Plaintiff Renfroe's Rights under the 14th Amendment," that Nationstar's alleged actions constitute "a violation of Renfroe's constitutional rights and denial of Due Process," and further alleges in the section entitled "Prayer for Relief" that an injunction staying the foreclosure sale is warranted "due to. .

---

[5] The Court notes that Renfroe apparently attempted to organize the Complaint, as the Complaint contains sections and a table of contents. See generally Complaint. Unfortunately, however, as discussed below, the Complaint's structure does little to aid the reader in discerning the individual claims Renfroe seeks to assert against Nationstar.  Indeed, the Complaint's haphazard organization is ultimately more confusing than helpful.  In this regard, the Court observes that Renfroe includes in the Complaint a section entitled "Specific factual matter" within the section entitled "Violation of Real Estate Settlement Procedures Act ("RESPA") under 12.U.S.C. , section 2605( e )." See Complaint at 15 (formatting in original).  Although Renfroe apparently intends for the facts alleged therein to support her claim that Nationstar violated RESPA, a similar section of facts is noticeably absent from the subsequent section entitled "Violation of Fair Debt Collection Practices Act Under 15 U.S.C., section 1692 ( e )," and the Court is left to speculate as to which factual allegations pertain to each claim. See id. at 27-30.

- 7 -

.[v]iolations of Renfroe's Constitutional Rights under 42 U.S. Code 1983, denial of equal rights and equal protection. . ." See Complaint at 14, 15, 30.  However, in an apparent contradiction, Renfroe contends that she brings this action "for answer and wise judgment pertaining to: Defendant Nationstar's violations under 'RESPA'. . .and violations under 'FDCPA,'" making no mention of any claim under § 1983. Id. at 11.  Moreover, Renfroe maintains that she seeks an injunction based on violations of federal law, "in particular: [RESPA] and [FDCPA]." See id. at 7.  Yet another example of contradictory allegations leaves the Court to question whether Renfroe seeks to assert claims for actual damages under RESPA or exclusively seeks injunctive relief.  Indeed, the section of her Complaint entitled "Prayer for Relief" solely consists of a request for injunctive relief, but she includes in her Response a request for "actual damages." Compare Complaint at 30, with Response at 29.[6]  Therefore, Renfroe's attempts at organization notwithstanding, the Complaint constitutes an impermissible shotgun pleading.[7]

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases).  Indeed, the Eleventh Circuit has engaged in a more than "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." See Weiland, 792 F.3d at 1321 & n.9 (collecting cases).  As the court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or

---

[6] The confusion caused by Renfroe's Complaint is compounded by the section of her Response entitled "Prayer for Relief," in which Renfroe appears to request remedies not mentioned in her Complaint, including "punitive damages." See Response at 29.
[7] The Court emphasizes that its identification of certain drafting deficiencies in this Order is not intended to be comprehensive.

- 8 -

defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead."). In light of the foregoing, the Court will grant Nationstar's Motion on the basis that the Complaint constitutes a shotgun pleading and dismiss the Complaint without prejudice. The Court will permit Plaintiff to file an amended complaint. Plaintiff is cautioned that in filing her amended complaint, she must correct the deficiencies identified in this order, comply with the Rules and Local Rules, and set forth claims plausibly supported by the facts she alleges. Additionally, Plaintiff should refrain from including lengthy legal arguments in her amended complaint.

Accordingly, it is **ORDERED**:

1. Defendant Nationstar's Motion (Doc. 6) is **GRANTED** to the extent Nationstar seeks dismissal of Plaintiff Renfroe's Complaint (Doc. 1) as a shotgun pleading, and the Motion is **DENIED** in all other respects.

2. Plaintiff Renfroe's Complaint (Doc. 1) is **DISMISSED without prejudice**, to the filing of an amended complaint that complies with the applicable Rules, Local Rules, and the requisite pleading standard. If Plaintiff chooses to file an

amended complaint, Plaintiff shall have up to and including **December 2, 2020**, to do so.  Plaintiff is cautioned that failure to comply with the applicable Rules, Local Rules, or the requisite pleading standard in any future pleading may result in a dismissal of this action without further notice.

**DONE AND ORDERED** at Jacksonville, Florida on November 17, 2020.

MARCIA MORALES HOWARD
United States District Judge

lc27
Copies to:

Pro Se Parties
Counsel of Record