## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

EDITH RENFROE,

       Plaintiff,

                                  Case No. 3:20-cv-191-MMH-JBT

vs.

NATIONSTAR MORTGAGE, LLC,

       Defendant.

_____/

## O R D E R

**THIS CAUSE** comes before the Court on Nationstar's Motion to Dismiss Second Amended Complaint and Memorandum of Law (Doc. 31; Motion), filed on March 5, 2021. Plaintiff Edith Renfroe, who is proceeding pro se, filed a response in opposition on March 26, 2021. See Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss Second Amended Complaint (Doc. 35; Response). Accordingly, the matter is ripe for the Court's consideration.

Renfroe initiated this action on February 27, 2020, by filing a Verified Complaint and Request for Preliminary Injunctive Relief and Stay Foreclosure Sale (Doc. 1; Initial Complaint) in which she sought a preliminary injunction staying the March 12, 2020 foreclosure sale of her home. Upon review of the Initial Complaint, the Court determined that Renfroe's request for a preliminary injunction failed to satisfy the Federal Rules of Civil Procedure

(Rule(s)) and Local Rules, United States District Court, Middle District of Florida (Local Rule(s)) governing the entry of temporary restraining orders and preliminary injunctions. See generally Order (Doc. 3). In addition, the Court determined that Renfroe failed to show that she had a likelihood of success on the merits of her claim. See id. Accordingly, the Court denied Renfroe's request for injunctive relief on March 4, 2020. See id. at 6. Shortly thereafter, Renfroe filed a motion for reconsideration. See Plaintiff Edith Renfroe's Motion for Reconsideration of Order on Preliminary Injunction Based on per Fed. R. C. P. 65 and Local R. 4.05 and 4.06 (Doc. 7; Motion for Reconsideration). The Court ultimately denied the Motion for Reconsideration on September 2, 2020. See Order (Doc. 17). In deciphering Renfroe's arguments in support of reconsideration, the Court noted that none of Renfroe's filings was "a model for clarity." See id. at 2. The Court also explained that Renfroe "continue[d] to assert arguments that the Court rejected in the [March 4, 2020] Order" and failed to account for the "litany of [] procedural deficiencies that independently rendered the issuance of injunctive relief wholly improper." Id. at 3.

Meanwhile, on March 16, 2020, Nationstar Mortgage, LLC (Nationstar) filed a motion to dismiss Renfroe's Initial Complaint. See Nationstar's Motion to Dismiss Complaint and Memorandum of Law (Doc. 6; Motion to Dismiss the Initial Complaint). In the Motion to Dismiss the Initial Complaint, Nationstar

sought dismissal of Renfroe's Initial Complaint pursuant to Rule 12(b)(6), on several grounds, including that the Initial Complaint constituted an impermissible shotgun pleading.  <u>See generally</u> <u>id.</u>  On November 18, 2020, the Court granted Nationstar's motion to dismiss to the extent Nationstar sought dismissal on this basis.  <u>See</u> Order (Doc. 18).  Accordingly, the Court dismissed Renfroe's Initial Complaint without prejudice and permitted her to file an amended complaint.  <u>See</u> <u>id.</u>  In the November 18, 2020 Order, the Court explained some of the rules of pleading that apply in federal court and highlighted a myriad of problems with the Initial Complaint as drafted.  For example, the Court noted that "Renfroe ha[d] not stated each claim in a separate count, nor ha[d] she sufficiently specified which factual allegations support each claim."  Order (Doc. 18) at 6-7.  In addition, the Court explained that

> while the Complaint is not a textbook "shotgun pleading," Renfroe's failure to state with sufficient particularity her claims and the grounds upon which each rests is equally problematic.  In this regard, the Complaint's haphazard organizational structure, aimless allegations, and chaotic case citations render it insufficient to put Nationstar or the Court on notice of the claims intended to be asserted.

<u>Id.</u> at 7.  The Court cautioned Renfroe that failure to correct these deficiencies and failure to comply with the Rules and Local Rules of the Court could result in "dismissal of this action without further notice."  <u>Id.</u> at 9-10.

On December 1, 2020, Renfroe filed an Amended Complaint and Request for Preliminary Injunction (Doc. 19; First Amended Complaint).  The Court determined that Renfroe's request for preliminary injunctive relief was once again not properly before the Court.  See Order (Doc. 20) filed on December 8, 2020.  As a result, the Court declined to consider the request.  See id.  The Court reminded Renfroe that the Court had previously identified and explained the numerous deficiencies regarding her request for a preliminary injunction in two prior orders.  See id.  "Despite the Court's repeated admonitions regarding Renfroe's initial request for injunctive relief, in the Amended Complaint Renfroe ha[d] rectified only one of the litany of deficiencies the Court ha[d] previously identified."  Id.

On December 9, 2020, Nationstar filed a motion to dismiss the First Amended Complaint.  See Nationstar's Motion to Dismiss Amended Complaint and Memorandum of Law (Doc. 21; Motion to Dismiss First Amended Complaint).  Nationstar argued, among other things, that "[p]ro se plaintiff Edith Renfroe's amended complaint filed on December 1, 2020 is yet another impermissible shotgun pleading."  See id. at 1.  Specifically, Nationstar noted that Renfroe did not "set forth each claim in a separate count" or "identify which factual allegations support each claim" and "she does so despite the Court's detailed order addressing these same pleading deficiencies in her original

complaint." Id. On January 20, 2021, Renfroe attempted to amend her pleading once more by filing an Amended Verified Complaint and Request for Injunction (Doc. 26; Attempted Second Amended Complaint). Renfroe also filed Plaintitt's [sic] Response in Opposition to Defendant's Motion to Dismiss Amended Complaint and Memorandum of Law (Doc. 27) on January 25, 2021. On January 27, 2021, the Court entered an order striking Renfroe's Attempted Second Amended Complaint and instructed Renfroe that pursuant to Rule 15(a), she was required to obtain leave of court or Nationstar's written consent before amending her complaint. See Order (Doc. 28). Two days later Renfroe filed a Motion for Leave of Court to File Verified Amended Complaint and to Correct Previous Complaint (Doc. 29; Motion for Leave to Amend). On March 1, 2021, the Court granted the motion and accepted Renfroe's Second Amended Complaint as the operative complaint in this case. See Order (Doc. 30). In light of the filing of the Second Amended Complaint, the Court denied Nationstar's Motion to Dismiss the First Amended Complaint as moot. Nationstar then filed the instant Motion seeking dismissal of Renfroe's Second Amended Complaint, see Motion, and Renfroe filed her Response in opposition, see Response.

In the Motion, Nationstar seeks dismissal of Renfroe's Second Amended Complaint pursuant to Rule 12(b)(1) arguing that the Court lacks subject matter jurisdiction over this action. Specifically, Nationstar asserts that because

Renfroe is asking the Court to overrule a state court judgment, this Court lacks jurisdiction pursuant to the <u>Rooker-Feldman</u> doctrine.[1] "As additional grounds for dismissal . . ." Nationstar asserts that the Second Amended Complaint suffers from the same pleading deficiencies previously identified by the Court. See <u>id.</u> at 2-3. Therefore, Nationstar requests that the Court dismiss the Second Amended Complaint pursuant to Rule 12(b)(6) with prejudice. See <u>id.</u> In her Response, Renfroe maintains that the Court has subject matter jurisdiction over her claims because she asserts violations of federal law. See <u>id.</u> at 2-3. She further contends that the Second Amended Complaint "is not unintelligible or confusing and does not violate [Rule] 8(a)." See <u>id.</u>

## I.    Standard of Review

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009); <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 508, n.1 (2002); <u>see also</u> <u>Lotierzo v. Woman's World Med. Ctr., Inc.</u>, 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See <u>Randall v. Scott</u>, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. <u>Jackson v.</u>

---

[1] The <u>Rooker-Feldman</u> doctrine "establishes that a party who loses a case in state court cannot appeal that loss in a federal district court." <u>Behr v. Campbell</u>, 8 F.4th 1206, 1208 (11th Cir. 2021).

BellSouth Telecomm., 372 F.3d 1250, 1262–63 (11th Cir. 2004) (citations omitted).  Indeed, while "[s]pecific facts are not necessary," the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (citations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (citations and quotations omitted)).  Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth."  Iqbal, 556 U.S. at 679.  Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 570).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. Moreover, when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Id. And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837, 839 (11th Cir. 2011)[2] (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 706); see also Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014).

---

[2] "Although an unpublished opinion is not binding. . ., it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

## II.    Discussion

The Eleventh Circuit Court of Appeals recently instructed that district courts applying the <u>Rooker-Feldman</u> doctrine should take a "claim-by-claim approach." <u>Behr</u>, 8 F.4th at 1213.  In <u>Behr</u>, the Eleventh Circuit admonished the district court for making a "sweeping proclamation" that all of the plaintiff's claims were due to be dismissed under <u>Rooker-Feldman</u>.  <u>Id.</u>  The Eleventh Circuit explained,

> <u>Rooker-Feldman</u>, being a narrow and limited doctrine, requires a more targeted approach.  The question isn't whether the whole complaint seems to challenge a previous state court judgment, but whether resolution of each individual claim requires review and rejection of a state court judgment.

<u>Id.</u>  It necessarily follows that in considering the applicability of the <u>Rooker-Feldman</u> doctrine, courts must first determine what individual claims the plaintiff purports to bring.  Here, however, having carefully reviewed the Second Amended Complaint and attempted to discern which individuals claims Renfroe seeks to pursue, the Court finds that it is unable to identify Renfroe's purported claims.  This is due in large part to the fact that the Second Amended Complaint once again constitutes an impermissible shotgun pleading.  Despite Nationstar's previous arguments and the Court's admonitions, Renfroe again has pleaded her claims in a manner that fails to comply with Rules 8 and 10 and renders it largely impossible to identify the claims she seeks to pursue and the underlying

9

factual basis of such claims.   As a result, the Court is unable to address Nationstar's challenge to Renfroe's claims under the <u>Rooker-Feldman</u> doctrine.

While <u>pro</u> <u>se</u> complaints are held to a less stringent standard than those drafted by an attorney, <u>Wright v. Newsome</u>, 795 F.2d 964, 967 (11th Cir. 1986), the <u>pro</u> <u>se</u> litigant is still required to "'conform to procedural rules.'" <u>Riley v. Fairbanks Capital Corp.</u>, 222 F. App'x 897, 898 (11th Cir. 2007) (quoting <u>Loren v. Sasser</u>, 309 F.3d 1296, 1304 (11th Cir. 2002)).   The Rules require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."   Rule 8(a)(2).   "'A complaint need not specify in detail the precise theory giving rise to recovery.   All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.'" <u>Evans v. McClain of Ga., Inc.</u>, 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted).   Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." <u>Snow v. DirecTV, Inc.</u>, 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted).   In addition, Rule 10 requires a plaintiff to state her claim "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." <u>See</u> Rule 10(b).   Rule 10 also provides that, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence— . . . must be stated

10

in a separate count . . . ." Rule 10(b).  Rules 8 and 10 work together "'to require the pleader to present [her] claims discretely and succinctly, so that [her] adversary can discern what [she] is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).

In the Second Amended Complaint, notwithstanding the Court's admonitions and Nationstar's repeated arguments in support of dismissal, Renfroe alleges her various causes of action under one heading titled "Statement of Claim." See Second Amended Complaint at 3- 7.  In addition to purportedly alleging violations of both the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq., Renfroe attempts to assert a claim for tortious interference and additionally references "New York Trust Law."  See id.  Renfroe also seemingly points to the Rooker-Feldman doctrine to support a claim that "Nationstar filing in its own name for Deutsche Bank is attempting to circumnavigate the state court decision in the DBNTC action."  See id. at 5.  Despite having identified these various purported claims and bases for relief, Renfroe still fails to set forth each cause of action in separate counts supported by facts limited to a single set

of circumstances.  Additionally, despite the Court's repeated and detailed instructions regarding requests for preliminary injunctive relief, Renfroe still confusingly includes allegations concerning some of the elements required to show entitlement to such relief.  See Second Amended Complaint at 7.  This manner of pleading is altogether improper and makes it impossible for the Court and Nationstar to discern which facts support which claims or even precisely what claims or relief Renfroe seeks to pursue.

Significantly, this Court has the "inherent authority to dismiss a complaint on shotgun-pleading grounds."  Sarhan v. Miami Dade Coll., 800 F. App'x 769, 772 (11th Cir. 2020).  Before doing so, "the district court must first explain how the pleading violates the shotgun-pleading rule and give the plaintiff at least one opportunity to re-plead the complaint."  See Arrington v. Green, 757 F. App'x 796, 797 (11th Cir. 2018).  Where the pleader fails to remedy the problem after being given a chance to do so, dismissal of a shotgun pleading with prejudice is warranted.  See Tran v. City of Holmes Beach, 817 F. App'x 911, 915 (11th Cir. 2020), cert. denied sub nom. Tran v. City of Holmes Beach, Fla., 209 L. Ed. 2d 732 (May 3, 2021).  Here, the Court has provided Renfroe numerous chances to remedy the pleading deficiencies in her filings and she has utterly failed to correct them.  On this record, the Court is convinced that Renfroe is unable or unwilling to comply with the Court's directives and that

nothing less than dismissal will suffice.  <u>See</u> <u>Sarhan</u>, 800 F. App'x at 772.  "Even <u>pro</u> <u>se</u> plaintiffs must comply with pleading rules or face judgment day," <u>Tran</u>, 817 F. App'x at 915, and for Renfroe, that day has come.  Despite the Court's guidance on the problems with her complaints, and multiple opportunities to fix those deficiencies, the Second Amended Complaint remains an improper shotgun pleading.

Accordingly, it is hereby

**ORDERED:**

1. Nationstar's Motion to Dismiss Second Amended Complaint and Memorandum of Law (Doc. 31) is **GRANTED**.  Plaintiff Edith Renfroe's claims against Nationstar Mortgage, LLC are **DISMISSED**.

2. The Clerk shall enter judgment dismissing this case, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida on October 6, 2021.

**MARCIA MORALES HOWARD**
United States District Judge

lc28

Copies to:

Counsel of Record
Pro Se Parties