## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

EDITH RENFROE,

              Plaintiff,

-vs-                                    Case No. 3:20-cv-191-MMH-JBT

NATIONSTAR MORTGAGE, LLC,

              Defendant.

_____/

# O R D E R

**THIS CAUSE** is before the Court on two motions: Plaintiff Renfroe's Motion for Reconsideration (Doc. 38; Motion for Reconsideration) filed on October 25, 2021, and Plaintiff's Motion for Relief from Judgment (Doc. 42; Motion for Relief from Judgment) filed on November 5, 2021.  Renfroe seeks reconsideration of, and relief from, the Court's Order (Doc. 36; October 6, 2021 Order) granting Nationstar's Motion to Dismiss Second Amended Complaint and Memorandum of Law (Doc. 31).  See Motion for Reconsideration at 1; see also Motion for Relief from Judgment at 1.  On October 27, 2021, Defendant filed Nationstar's Opposition to Plaintiff Renfroe's Motion for Reconsideration (Doc 38) and Memorandum of Law (Doc. 39; Response to Motion for Reconsideration) and on December 12, 2021, Defendant filed Nationstar's Opposition to Plaintiff's Motion for Relief from Judgment (Doc 42) and

Memorandum of Law (Doc. 49; Response to Motion for Relief from Judgment).

Renfroe, without seeking leave of Court, filed a reply to the Response to Motion

for Relief from Judgment.  See Plaintiff's Response to Defendant's Opposition

to Plaintiff's Motion for Relief from Judgment (Doc. 42) and Memorandum of

Law (Doc. 51; Reply to Response for Relief from Judgment) filed on December

20, 2021.[1]  In light of the foregoing, this matter is ripe for review.

## I.      Motion for Reconsideration under Rule 59(e)

Although Renfroe did not specifically cite to Rule 59(e), Federal Rules of

Civil Procedure (Rule(s)), the Court construes Renfroe's Motion for

Reconsideration as a Rule 59(e) motion to alter or amend judgment.[2]  Rule

---

[1]      The Court notes that the Local Rules of the United States District Court for the Middle
District of Florida (Local Rule(s)) provide:

> Without leave, no party may file a reply directed to a response except a
> response to a motion for summary judgment. A motion requesting leave to
> reply must not exceed three pages inclusive of all parts; must specify the need
> for, and the length of, the proposed reply; and must not include the proposed
> reply. A party may reply to a response to a motion for summary judgment
> within fourteen days after service of the response. The reply must not exceed
> seven pages inclusive of all parts.

Local Rule 3.01(d). Renfroe did not seek leave of Court to file the Reply, and the Court finds
that a reply is not necessary. Accordingly, the Reply to Response for Relief from Judgment is
due to be stricken and the Court will not consider it for purposes of its discussion here.

[2]      The Federal Rules of Civil Procedure do not specifically provide for the filing of a
motion for reconsideration.  Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir.
1991); Controlled Semiconductor, Inc. v. Control Systemation, Inc., No. 6:07-cv-1742-Orl-
31KRS, 2008 WL 4459085, at *1 (M.D. Fla. Oct. 1, 2008).  It is widely recognized, however,
that Rule 59(e) (which governs motions "to alter or amend a judgment") encompasses motions
for reconsideration.  Controlled Semiconductor, Inc., 2008 WL 4459085, at *1 (citing 11
Charles Alan Wright, Arthur R. Miller, & Mary K. Kane, Federal Practice & Procedure 2d §
2810.1 (2007)).

59(e) affords the Court discretion to reconsider an order which it has entered. See Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000); O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992). "The only grounds for granting a Rule 59 motion are newly[ ]discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted). This Court has interpreted those parameters to include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla., 189 F.R.D. 480, 489 (M.D. Fla. 1999). For example, reconsideration may be appropriate where "the Court has patently misunderstood a party." O'Neill v. The Home Depot U.S.A., Inc., 243 F.R.D. 469, 483 (S.D. Fla. 2006).

The purpose of Rule 59 is not to ask the Court to reexamine an unfavorable ruling in the absence of a manifest error of law or fact. Jacobs v.

---

Upon review of the Motion for Reconsideration, it appears that Renfroe seeks reconsideration of the merits of the dispute addressed in the Court's October 6, 2021 Order, consistent with the purposes of Rule 59(e). Shaarbay v. Florida, 269 F. App'x 866, 867 (11th Cir. 2008) (citing Wright v. Preferred Research, Inc., 891 F.2d 886, 889 (11th Cir. 1990)). Additionally, Renfroe filed the Motion for Reconsideration within twenty-eight days after the entry of the October 6, 2021 Order, as required by Rule 59(e). See Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994); see also Rance v. D.R. Horton, Inc., 316 F. App'x 860, 863 (11th Cir. 2008) (explaining that a post-judgment motion to alter or amend the judgment served within the time for filing a Rule 59 motion other than a motion to correct purely clerical errors, "is within the scope of Rule 59(e) regardless of its label"); Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003). Accordingly, the Motion for Reconsideration is properly construed as falling under Rule 59(e).

Tempur-Pedic Int'l., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010).  As such, Rule 59(e) cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."  Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005).  Additionally, motions to alter or amend "should not be used to raise arguments which could, and should, have been made before the judgment was issued."  O'Neal, 958 F.2d at 1047 (quotations and citations omitted).  Indeed, permitting a party to raise new arguments on a motion for reconsideration "essentially affords a litigant 'two bites of the apple.'"  Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985); see also Mincey, 206 F.3d at 1137 n.69 (citation omitted); Mays v. United States Postal Service, 122 F.3d 43, 46 (11th Cir. 1997) ("[A] motion to reconsider should not be used by the parties to set forth new theories of law").  Accordingly, the Eleventh Circuit Court of Appeals has held that the "[d]enial of a motion for reconsideration is especially sound when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage of the litigation."  Sanderlin v. Seminole Tribe of Fla., 243 F.3d 1282, 1292 (11th Cir. 2001) (internal quotations and citation omitted).  Moreover, "[w]hen evaluating a motion for reconsideration, a court should proceed cautiously, realizing that 'in the interests of finality and conservation of scarce judicial resources,

-4-

reconsideration of a previous order is an extraordinary remedy to be employed sparingly.'" United States v. Bailey, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003) (citation omitted).

Renfroe has not asserted viable grounds to warrant the Court's reconsideration of its October 6, 2021 Order. She presents her personal opinion that she adhered to the Court's instructions and the Rules in her Amended Verified Complaint and Request for Injunction (Doc. 26; Second Amended Complaint). However, her subjective belief does not support reconsideration under Rule 59(e). The Court explained in its October 6, 2021 Order the specific reasons Renfroe's Second Amended Complaint constituted yet another impermissible shotgun pleading. Renfroe simply disagrees with the Court's ruling and wants a favorable ruling, but not for any basis which arguably would fall under Rule 59(e). See Adams v. Boeneman, 335 F.R.D. 452, 455 (M.D. Fla. 2020) ("Plaintiffs merely disagree with the Court's analysis and re-hash previous arguments. This is not a basis for reconsideration."). Accordingly, Renfroe's Motion for Reconsideration is due to be denied.

## II.    Motion for Relief from Judgment under Rule 60(b)

Renfroe additionally filed a motion seeking relief from judgment pursuant to Rule 60(b). See generally Motion for Relief from Judgment. Rule 60(b) provides,

> [o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial ...; (3) fraud ..., misrepresentation, or misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged ...; or (6) any other reason that justifies relief.

Rule 60(b).  Rule 60(b) empowers the district courts "'to vacate judgments whenever such action is appropriate to accomplish justice.'" Griffin v. Swim–Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) (quoting Klapprott v. United States, 335 U.S. 601, 615 (1949)).  While the trial court is vested with substantial discretion in granting relief under Rule 60(b), see Abimbola v. Broward Cnty., 266 F. App'x 908, 910 (11th Cir. 2008) (quoting Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co., 198 F.3d 1332, 1338 (11th Cir. 1999)), "[t]he desirability for order and predictability in the judicial process speaks for caution in the reopening of judgments."  Griffin, 722 F.2d at 680 (citation omitted).  Accordingly, Rule 60(b) "seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 401 (5th Cir. Unit A Jan. 26, 1981) (quoting Bankers Mortg. Co. v. United States, 423

F.2d 73, 77 (5th Cir. 1970)).[3]  With this goal in mind, "it is often said that the rule should be liberally construed in order to do substantial justice." Id.  Thus, "although the desideratum of finality is an important goal, the justice function of the courts demands that it must yield, in appropriate circumstances to the equities of the particular case in order that the judgment might reflect the true merits of the cause." Id.

Invoking Rule 60(b)(1), Renfroe seeks relief from judgment on the grounds of "mistake, inadvertence, excusable neglect," or alternatively under the catchall provision of Rule 60(b)(6).  See Motion for Relief from Judgment at 1.  But, the entirety of Renfroe's "motion" amounts to two sentences in which she declares that she is moving for relief on these grounds.  Id.  Renfroe does include a document titled, "Affidavit of Plaintiff, Edith Renfroe, pro se, In Support of the Motion for Relief from Judgment." Id. at 3.  In the affidavit, Renfroe provides a "Statutory Background" of the Fair Debt Collection Practices Act (FDCPA). Id. at 3-4.  She then asserts that her Second Amended Complaint "was not unintelligible or confusing and was presented in accordance with Federal Rules of Civil Procedure Rules(s) 8(a), 8(a)(2) and 8(d)(1) and Local Rules United States District Court, Middle District of

---

[3]      In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Florida," before "reiterating" the merits of her purported claim that Nationstar violated the FDCPA. <u>Id.</u> at 5. She attaches as exhibits a Mortgage Loan Purchase Agreement (Doc. 42-1), an Adjustable Rate Note (Doc. 42-2), and an Assignment of Mortgage (Doc. 42-3).

To obtain relief under Rule 60(b)(1), "a litigant must show that the judgment came about through mistake, inadvertence, surprise or excusable neglect." <u>See</u> <u>J.D. Pharmaceutical Distributors, Inc. v. Save-On Drugs & Cosmetics Corp.</u>, 893 F.2d 1201, 1209 (11th Cir. 1990). Renfroe fails to identify any factual or legal basis on which she claims that the October 7, 2021 judgment, entered pursuant to the Court's October 6, 2021 Order, came about through "mistake, inadvertence, or excusable neglect." She does not identify any basis for this Court to vacate its judgment dismissing Renfroe's Second Amended Complaint as a shotgun pleading.[4] Renfroe's conclusory (and wholly subjective) assertion that her third pleading complied with the Rules and the Local Rules of this Court does not warrant relief from judgment. As such, Renfroe's Motion for Relief from Judgment is also due to be denied.

---

[4]    Notably, "[a] 'significantly higher' standard is generally used to decide whether a movant is entitled to relief under Rule 60(b)" as compared with Rule 59(e). <u>Holland v. Tucker</u>, No. 06-CIV-20182, 2012 WL 2412115, at *2 n.1 (S.D. Fla. June 26, 2012) (quoting <u>Vanderberg v. Donaldson</u>, 259 F.3d 1321, 1326 (11th Cir. 2001)). Thus, because Renfroe is not entitled to relief under Rule 59(e), she is also not entitled relief as to her Rule 60(b) motion which is based on the same conclusory argument that her Second Amended Complaint complies with the relevant rules.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Response to Defendant's Opposition to Plaintiff's Motion for Relief from Judgment (Doc. 42) and Memorandum of Law (Doc. 51) is **STRICKEN.**

2. Plaintiff Renfroe's Motion for Reconsideration (Doc. 38) is **DENIED.**

3. Plaintiff's Motion for Relief from Judgment (Doc. 42) is **DENIED.**

**DONE AND ORDERED** in Jacksonville, Florida, on March 29, 2022.

**MARCIA MORALES HOWARD**
United States District Judge

lc28

Copies to:

Counsel of Record
Pro Se Parties

-9-